UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED ASHRAF,<br><br>                              Petitioner,<br><br>          v.<br><br>DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>                              Respondents. | Case No. 5:25-cv-02114-FLA (DFM)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE [DKT. 11]** |

## <u>BACKGROUND</u>

On August 4, 2025, Petitioner Mohammed Ashraf ("Petitioner"), in *pro se*, filed a Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241 ("Petition"). Dkt. 1.[1] Petitioner is a citizen of Afghanistan, who is subject to a final order of removal to that country and has been detained in the custody of United States Immigration and Customs Enforcement ("ICE") since November 4, 2024, when he completed a 292-month term of imprisonment following his conviction on May 21, 2008, in the Eastern

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

1

District of Virginia, for the offenses of conspiracy to import and distribute for the purpose of importation, and conspiracy to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 952(a), 959, 960(b)(1)(A), and 963.  *Id.* at 1–2; Dkt. 6-1 at 2.[2]  According to Petitioner, he is entitled to immediate release because his detention has become indefinite within the meaning of *Zadvydas v. Davis*, 533 U.S. 678 (2001), and violates his Fifth Amendment right to Due Process.

On November 14, 2025, Respondents the United States Department of Homeland Security ("DHS"), Ernesto Santa Cruz, and Fereti Semaia ("Respondents") filed their Answer to the Petition.  Dkt. 6.  Respondents argue *habeas* relief is not warranted because Petitioner has not shown there is no significant likelihood of removal in the reasonable future, as *Zadvydas* requires.  On November 17, 2025, the assigned Magistrate Judge ordered Respondents to supplement their Answer with a clarifying declaration "detail[ing] the reasons for any belief that Petitioner will be removed expeditiously to Afghanistan, and any communications that have been had with Afghanistan officials which support that belief."  Dkt. 7 at 2–3.  On December 2, 2025, Respondents filed a status report stating, "[a]t this time, no further information is available regarding the status of Petitioner's travel document request beyond that which is already set forth in the declaration of Christopher Jenson filed on November 14, 2025."  Dkt. 9 at 2 (citation omitted).

On December 11, 2025, the Magistrate Judge issued a Report and Recommendation ("Report"), recommending this court grant the Petition and order

---

[2] On July 6, 1989, Petitioner was admitted to the United States as a non-immigrant visitor with authorization to remain for six months.  Less than two years later, on April 11, 1991, he was convicted of possession with intent to distribute, importation, and conspiracy to import heroin, in violation of 21 U.S.C. §§ 841(a)(l), 952, and 963, in the Northern District of California, and was sentenced to a term of 212 months' imprisonment.  After completing his sentence, he was removed to Afghanistan on March 22, 2005.  Dkts. 6-1 at 1, 11 at 2.

2

Petitioner released from custody subject to "appropriate conditions" of supervision. Dkt. 11.  The Magistrate Judge found Petitioner's detention by U.S. Immigration and Customs Enforcement ("ICE") had become indefinite within the meaning of *Zadvydas* because, as of the date of the Report, Petitioner had been detained for more than thirteen months and Respondents' request to the Afghan government had gone unanswered for nearly five months.  *Id.* at 6. The Magistrate Judge further noted Respondents were unable to provide any further information in response to the court's order to submit "a clarifying declaration that detailed reasons for any belief that Petitioner would be removed expeditiously to Afghanistan[.]"  *Id.* at 7.  Respondents did not file an objection to the Report.

On March 4, 2026, this court deferred ruling on the Petition and ordered Respondents to file a further status report, on or before March 27, 2026, regarding the current status of their efforts to remove Petitioner from this country and identifying specifically: (1) the efforts they had taken to effectuate Petitioner's removal since the filing of the Petition on August 4, 2025; (2) the dates when Respondents, or any authorized representative of DHS or ICE, contacted the Afghan government, or that of any other country, to obtain travel documents and/or the necessary approvals to effectuate Petitioner's travel from the United States; (3) the response(s) Respondents had received regarding their inquiries, if any; (4) what communications or requests were currently outstanding and when Respondents anticipated receiving a response; (5) the number of travel letters Respondents had received from the Afghan government authorizing travel to Afghanistan since January 1, 2025, and the number of those, if any, that were for aliens that had been convicted of a felony in the United States; and (6) whether DHS had determined Petitioner posed a "risk to the community" if released in light of his criminal history in the United States, consistent with 8 U.S.C. § 1231(a)(6).  Dkt. 13 at 3.  <u>Respondents did not file any response to the March 4, 2026 Order</u>, or request for additional time to comply.

/ / /

3

## RULING

Pursuant to 28 U.S.C. § 636, the court has reviewed the Petition, the unopposed Report of the Magistrate Judge (Dkt. 11), and all relevant portions of the record.  As of the date of this Order, Petitioner has been detained in immigration custody for over seventeen (17) months.  Respondents have not provided any specific information regarding their efforts to remove Petitioner from this country or to support their contention that they will be able to effectuate Petitioner's removal in the reasonably foreseeable future.  Respondents have also not provided any arguments or specific information to establish any reasons for why the court should not grant the Petition and order Petitioner's immediate release.

Accordingly, the court APPROVES and ACCEPTS the Report, findings, and recommendations of the Magistrate Judge and hereby ORDERS:

1.  The Petition for Habeas Relief (Dkt. 1) and Petitioner's Request to Proceed without Prepayment of Filing Fees (Dkt. 4) are GRANTED. Petitioner's Motion for Expedited Review (Dkt. 12) is DENIED as moot.

2.  Respondents are ORDERED to release Petitioner from custody within seventy-two (72) hours of the docketing of this Order, subject to "appropriate conditions" of supervision to be determined by immigration authorities.

3.  Respondents are further ORDERED to file and serve a declaration demonstrating their compliance with this Order and that Petitioner has been released, within one (1) day of his release.

IT IS SO ORDERED.

Dated: April 9, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge

4